UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE LISHMAN, and<br>VICKI LISHMAN, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| vs. | : | NO.  2:22-cv-02070-ER |
| | : | |
| ALFA LAVAL, INC., individually and as successor-in-<br>interest to SHARPLES CORP., and successor-in-<br>interest to THE DELAVAL<br>SEPARATOR COMPANY; | : | |
| TATE ANDALE, INC.; | : | |
| | : | |
| Defendants. | : | |

**SECOND AMENDED COMPLAINT**

Plaintiffs GEORGE LISHMAN and VICKI LISHMAN sue the above-named Defendants

for compensatory and punitive damages and allege as follows:

**PARTIES**

1.      Plaintiffs GEORGE LISHMAN and VICKI LISHMAN are citizens and residents of

Sparland located in Marshall County, in the State of Illinois.

2.      Defendant **ALFA LAVAL, INC.** is a New Jersey corporation organized and existing

under the laws of the State of New Jersey with its principal place of business in Virginia, which is

doing business in the Commonwealth of Pennsylvania and in the Eastern District of Pennsylvania. At

all times material hereto, Defendant ALFA LAVAL, INC., manufactured, produced and sold asbestos

products, either directly or indirectly, in the geographical area in which Plaintiff worked and/or to the

employers of Plaintiff and/or to contractors on job sites on which Plaintiff worked, asbestos products,

including but not limited to asbestos-containing purifiers.

1

3.      Defendant, **TATE ANDALE, INC.** is a Maryland corporation organized and existing under the laws of the State of Maryland with its principal place of business in Maryland, which is doing business in the Commonwealth of Pennsylvania and in the Eastern District of Pennsylvania. At all times material hereto, Defendant TATE ANDALE, INC. manufactured, produced and sold asbestos products, either directly or indirectly, in the geographical area in which Plaintiff worked and/or to the employers of Plaintiff and/or to contractors on job sites on which Plaintiff worked, asbestos products, including but not limited to asbestos-containing lube oil coolers.

## GENERAL ALLEGATIONS

4.      Plaintiffs bring this action for monetary damages as a result of Plaintiff GEORGE LISHMAN contracting an asbestos-related disease.  Plaintiff GEORGE LISHMAN was diagnosed with mesothelioma on or about October 19, 2020.

5.      Plaintiff GEORGE LISHMAN was wrongfully exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, as described below:

6.      Plaintiff GEORGE LISHMAN experienced exposure to and inhaled asbestos fibers from Sharples Lube Oil Purifies and Andale Lube Oil Coolers while serving in the U.S. Navy from approximately 1958 through 1962 as a Seaman and Machinist Mate.  These products utilized asbestos-containing packing, gaskets, and insulation which, when worked on regularly by Mr. LISHMAN and others in his close proximity, produced significant quantities of asbestos-containing dust in his breathing zone which he inhaled, significantly contributing to his development of mesothelioma. At all times pertinent hereto, the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said Defendants.

7.      Plaintiff GEORGE LISHMAN gave deposition testimony in a case currently

2

pending in the United States District Court for the Northern District of Illinois, Eastern Division, NO. 1:21-cv-01570. Defendants were parties to that suit at the time of the depositions. All factual testimony given by Mr. Lishman in those depositions is incorporated fully herein.

8.     At all material times, the Defendants manufactured, designed, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos-containing products, either directly or indirectly to Plaintiff GEORGE LISHMAN's places of employment and/or were used by him personally.

9.     The above-alleged exposures to asbestos have directly and proximately caused Plaintiff GEORGE LISHMAN's injury in the form of malignant mesothelioma, with which he was diagnosed on or about October 19, 2020.

10.    The wrongful acts and/or omissions of the Defendants described in further detail below directly and proximately caused the development of Plaintiff GEORGE LISHMAN's asbestos-caused cancer.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**NEGLIGENCE**</u>

11.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

12.    At all material times, Defendants are or were manufacturers, distributors, processors, importers, converters, compounders, designers, and/or retailers of asbestos-containing products and/or products which utilized asbestos-containing component parts (hereinafter collectively referred to as "asbestos-containing products"), at least included the specific products listed in paragraph 6.

13.    At all times herein set forth, the Defendants' products which utilized asbestos-containing products were being used in the manner and for the purposes which they were intended.

14.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, their asbestos-containing products to be placed in the stream of interstate commerce with the result that Defendants' asbestos-containing products came into use by, or were used by others in close proximity to, Plaintiff GEORGE LISHMAN.

15.     Throughout the course of his employment, Plaintiff GEORGE LISHMAN. was exposed to Defendants' asbestos-containing products, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma.

16.     Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment had a duty to design, manufacture and sell their asbestos-containing products that were not unreasonably dangerous or defective and/or a duty to warn Plaintiff GEORGE LISHMAN and foreseeable users, bystanders, and household members of the dangers and defects of Defendants' asbestos-containing products, which the Defendants created, knew, or within the exercise of reasonable care, should have known.

17.     Plaintiff GEORGE LISHMAN, whose livelihood was dependent upon the work that he did, was required to work with and around and/or use asbestos-containing products that were manufactured, processed, designed, distributed, supplied and/or sold by Defendants, and Plaintiff GEORGE LISHMAN was exposed to Defendants' asbestos-containing products.   Defendants knew or should have known that persons using their asbestos-containing products, such as Plaintiff GEORGE LISHMAN, would be required to and would come into contact with asbestos-containing fibers from said asbestos-containing products. These fibers were frequently inhaled and ingested by Plaintiff GEORGE LISHMAN.

18.     Plaintiff GEORGE LISHMAN's exposure to and inhalation of the asbestos fibers emanating from the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendants.

19.     The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling them.

20.     That on or about October 19, 2020, Plaintiff GEORGE LISHMAN first became aware that he had developed mesothelioma and at a later date learned that said disease was wrongfully caused.

21.     At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of Plaintiff GEORGE LISHMAN and others working with and around the products and/or machinery requiring or calling for the use of asbestos-containing products of the Defendants containing asbestos.

22.     Plaintiff GEORGE LISHMAN sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Plaintiff GEORGE LISHMAN's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, designed, sold, supplied or otherwise put asbestos-containing products into the market and into the stream of interstate commerce while they knew, or in the exercise of ordinary care should have known, that said asbestos-containing products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff GEORGE LISHMAN's body, lungs, respiratory system, health, and general well-being.  Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff GEORGE LISHMAN would not know of such danger to his health.

5

23.    Plaintiff GEORGE LISHMAN's illness and/or disabilities are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known that Defendants' asbestos-containing products were deleterious, poisonous, and highly harmful to Plaintiff GEORGE LISHMAN's body, lungs, respiratory system, and health, Defendants breached their duties and were negligent in the following acts and/or omissions:

a)    Included asbestos in their products and/or machinery requiring or calling for the use of asbestos-containing products, even thought it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;

b)    Included asbestos in their products and/or machinery requiring or calling for the use of asbestos-containing products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling them;

c)    Included asbestos in their products and/or machinery requiring or calling for the use of asbestos-containing products when adequate substitutes for the asbestos in them was available;

d)    Failed to provide any or adequate warnings to persons working with and around the products of the angers of inhaling the asbestos fibers contained in them;

e)    Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them;

  f) Failed to conduct tests on the asbestos-containing products and/or machinery requiring or calling for the use of asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers might be exposed while working with the products; and

  g) Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

24. Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing Defendants' asbestos-containing products into the stream of commerce knew, or in the exercise of reasonable care should have known, about the risks associated with Defendants' asbestos-containing products.  The products in question were defective at the time they left the control of the Defendants.

25. Defendants were negligent and breached their duty of due care to Plaintiff GEORGE LISHMAN by taking or failing to take the actions as previously alleged to avoid harm to Plaintiff GEORGE LISHMAN and other foreseeable users, bystanders and household members in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, and distribution of Defendants' asbestos-containing products at issue in the stream of commerce.

26. The hazards posed by exposure to Defendants' asbestos-containing products and the resulting injuries and damages to Plaintiff GEORGE LISHMAN were reasonably foreseeable to, or should have been reasonably foreseen by Defendants.

27. As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, Plaintiff GEORGE LISHMAN developed mesothelioma as a consequence of which, through no fault of his own, he was severely injured, disabled and damaged.

28. As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

<u>**SECOND CAUSE OF ACTION**</u>
<u>**PRODUCT LIABILITY – INADEQUATE DESIGN, FORMULATION AND**</u>
<u>**MANUFACTURE**</u>

30. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

31. At all material times, Defendants were manufacturers, distributors, processors, importers, converters, compounders, designers, and/or retailers of asbestos-containing products.

32. Defendants, acting through their agents, servants, and/or employees, placed in the stream of commerce asbestos-containing products designed, manufactured, distributed, marketed, and/or sold by Defendants that were defective, unsafe and unreasonably dangerous for their intended and/or foreseeable uses with the result that said asbestos-containing products came into use by Plaintiff GEORGE LISHMAN, and fibers from said asbestos-containing products were frequently inhaled and ingested by Plaintiff GEORGE LISHMAN.

33. Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell Defendants' asbestos-containing products that were not unreasonably dangerous or defective and/or a duty to warn Plaintiff GEORGE LISHMAN and foreseeable users, bystanders and household members of Defendants' asbestos-containing products of the dangers and defects which the Defendants created knew, or within the exercise of reasonable care, should have known.

34.     Defendants acted unreasonably in designing, manufacturing, and formulating their asbestos-containing products to be harmful to Plaintiff GEORGE LISHMAN's body, lungs, respiratory system and health.   Defendants acted unreasonably in the following acts and/or omissions:

(a)     Failing to adopt a practical, feasible, and otherwise reasonable alternative design that was safer, that could have been reasonably adopted and that would have prevented or substantially reduced the risk of harm to individuals such as Plaintiff GEORGE LISHMAN without substantially impairing the usefulness, practicality or desirability of Defendants' asbestos-containing products; and

(b)     Using a design that was so unreasonable that a reasonable person, aware of the relevant facts, would not use or consume Defendants' asbestos-containing products of this design.

35.     Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing their asbestos-containing products into the stream of commerce knew, or in the exercise of reasonable care should have known about the risks associated with said asbestos-containing products.   The products in question were defective at the time they left the control of the Defendants.

36.     Defendants' unreasonable acts in designing and manufacturing the herein aforementioned products distributed, sold and specified by Defendants were a proximate cause of Plaintiff GEORGE LISHMAN's development of mesothelioma, as a consequence of which through no fault of his own, he was severely injured, disabled and damaged.

37.     As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

## THIRD CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

38.      Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

39.      The Defendants impliedly warranted that their asbestos-containing products were of good and merchantable quality and fit for their intended use.

40.      The implied warranty made by the Defendants that their asbestos-containing products were of good and merchantable quality and fit for the particular, intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere of Plaintiff GEORGE LISHMAN while personally using and working with, or in the vicinity of, said asbestos-containing products.

41.      As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff GEORGE LISHMAN developed an illness, to-wit: mesothelioma.

42.      As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

## FOURTH CAUSE OF ACTION
## WILLFUL AND WANTON CONDUCT

43.      Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

44.      Plaintiff GEORGE LISHMAN and others in his position personally using and working with and/or in close proximity to Defendants' asbestos-containing products, and the exposure and hazard to each of them in Plaintiff GEORGE LISHMAN's presence as well as others in his position, was known, or in the exercise of reasonable care, should have been anticipated by the Defendants.

45.     The Defendants have known, or should have known, since at least 1929 of medical and scientific data which clearly indicates that Defendants' asbestos-containing products were hazardous to the health and safety of Plaintiff GEORGE LISHMAN and others in the Plaintiff's position, and prompted by pecuniary motives the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public and particularly the users of said medical and scientific data, depriving them therefore of the opportunity of free choice as to whether or not to expose themselves to Defendants' asbestos-containing products.  As a result, Plaintiff GEORGE LISHMAN was severely damaged as is set forth below.

46.     The Defendants intentionally continued to conceal the dangers of asbestos exposure from 1929 through at least the 1970's, thus denying Plaintiff GEORGE LISHMAN the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, cessation of smoking, and avoidance of further dust exposure.   Specifically, Defendants' intentional, willful and wanton conduct included the following acts and omissions:

> a)     Intentionally or with a reckless disregard for the safety of Plaintiff and others similarly situated, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;
>
> b)     Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;
>
> c)     Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in the products when adequate substitutes for the asbestos in them was available;

11

d)   Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate warnings to persons working with and around the products and equipment of the dangers of inhaling the asbestos fibers in them;

e)   Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate instructions concerning the safe methods of working with and around the products and/or equipment of the dangers of inhaling the asbestos fibers;

f)   Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to conduct tests on the asbestos-containing products and/or equipment manufactured, sold, or delivered by the Defendants in order to determine the hazards to which workers might be exposed while working with the products and/or conspired with others to conceal the results of such tests; and

g)   Intentionally or with a reckless disregard for the safety of the Plaintiff, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

47.   The acts and omissions of each of the Defendants as hereinabove set forth were intentional, willful and wanton, and done with willful disregard of the safety of Plaintiff GEORGE LISHMAN and others similarly situated at a time when each of the Defendants had knowledge, or should have had knowledge of the dangerous effect of Defendants' asbestos-containing products

upon the body of human beings, including Plaintiff GEORGE LISHMAN and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce for their own profit this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Plaintiff GEORGE LISHMAN and others similarly situated, and Plaintiffs are thereby entitled to punitive damages.

48.     Accordingly, as a result of the Defendants' conduct which was conducted willfully, wantonly and with malice, and was grossly negligent and in total disregard for the health and safety of the users, consumers, and/or household members such as Plaintiff GEORGE LISHMAN, Plaintiffs therefore seek exemplary and punitive damages against Defendants to punish the Defendants for their actions, which were willful, wanton, gross, with malice, and in total disregard of the health and safety of the users and consumers of their products.

## FIFTH CAUSE OF ACTION
## FAILURE TO WARN

49.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

50.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or dangers of working with Defendants' asbestos-containing products and of exposures to inhalable asbestos.

51.     Defendants had a pre- and post-sale duty to warn users and household members of individuals including, but not limited to, Plaintiff GEORGE LISHMAN of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

13

52. Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from Defendants' asbestos-containing products, the Defendants failed to warn and/or inadequately warned Plaintiff GEORGE LISHMAN of the dangers including, but not limited to:

(a)  Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with Defendants' asbestos-containing products which should have been designed to provide to Plaintiff GEORGE LISHMAN knowledge about the hazards caused by exposure to Defendants' asbestos-containing products and how to eliminate such hazards;

(b)  Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with Defendants' asbestos-containing products which should have been designed to provide to Plaintiff GEORGE LISHMAN knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(c)  Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards to them and household members caused by exposure to the Defendants' asbestos-containing products, and how to eliminate the hazards;

(d)  Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed persons such as Plaintiff GEORGE LISHMAN;

(e)     Failing to inspect the workplace in which Defendants' asbestos-containing products were being used to determine whether the products being used were deleterious to the health of exposed workers and household members of said workers;

(f)     Failing to design, process and transport Defendants' asbestos-containing products in a manner intended to minimize exposure during personal use and normal working conditions;

(g)     Failing to specify and market Defendants' asbestos-containing products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of Defendants' asbestos-containing products after it was known or should have been known that adequate protective measures were not being implemented;

(h)     Failing to recall their defective products or manufacture a reasonably safer alternative;

(i)     Failing to take adequate precautions and industrial hygiene measures to protect exposed workers such as GEORGE LISHMAN and his family members, when personally using and/or working with Defendants' asbestos-containing products including, but not limited to, providing protection from dust and fibers emanating from use of Defendants' asbestos-containing products; failing to use local ventilation; failing to provide warnings to Plaintiff GEORGE LISHMAN, his family members, and workers in the facilities at issue, that exposure to dust and fibers from Defendants' asbestos-containing products was hazardous and carcinogenic; failing to adequately clean up debris from the use of said products;

failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures;

(j)      Otherwise failing to act reasonably under the totality of the circumstances.

53.      Defendants manufactured, processed and/or sold Defendants' asbestos-containing products, and these products were used by Plaintiff GEORGE LISHMAN and his family members personally, and at Plaintiff GEORGE LISHMAN's places of employment, or by workers around him during his employment, and these products were used by Plaintiff GEORGE LISHMAN and his employers.  Thus, Defendants had a pre- and post-sale duty to warn individuals and household members personally using, and individuals working at jobsites of the dangers associated with the use and/or inhalation of dust and fibers from Defendants' asbestos-containing products.

54.      Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from Defendants' asbestos-containing products, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to their products.  Defendants had a continuing duty to provide post-sale warnings of dangers associated with Defendants' asbestos-containing products to users, bystanders and/or household members.

55.      At the time Defendants' asbestos-containing products left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that they knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as Plaintiff GEORGE LISHMAN.  In the alternative, after said asbestos-containing products left Defendants' control, Defendants became aware of or in the exercise of ordinary care should have known that their products posed a substantial risk of harm to reasonably foreseeable users and/or household members such as Plaintiff GEORGE LISHMAN

16

and his family members, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

56.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to Defendants' asbestos-containing products or to provide proper instructions on the use, handling, and storage of said asbestos-containing products caused Plaintiff GEORGE LISHMAN to develop mesothelioma as a consequence of which he was injured and damaged, and Plaintiffs hereby make a claim for damages from the Defendants jointly and severally.

57.     As a result of the Defendants' failure to warn, Plaintiff GEORGE LISHMAN. suffered the injuries, illnesses, and/or damages hereinafter alleged.

### SIXTH CAUSE OF ACTION
### STRICT LIABILITY

58.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

59.     Asbestos and asbestos-containing products and/or asbestos-containing equipment are inherently dangerous, and as such, Defendants who made or sold asbestos or asbestos-containing products or asbestos-containing equipment or the equipment, processes, or other things necessary for its use are strictly liable to Plaintiffs for all injuries and damages which were contracted thereby.

60.     Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and/or asbestos-containing products and/or asbestos-containing equipment and all equipment necessary for its use are strictly liable to Plaintiffs for all the injuries and damages which were contracted thereby.

61.     The handling of asbestos packages, installation, removal and use of asbestos is an ultra-hazardous activity and Defendants who assisted directly or indirectly in this are strictly liable for Plaintiff GEORGE LISHMAN's injuries which were caused thereby.

62.     The Defendants as manufacturers and suppliers warranted the asbestos products and/or asbestos-containing equipment for their intended purpose and use.  Defendants violated this warranty as their products were neither packaged nor provided in a method proper for their intended use and are strictly liable to Plaintiffs for all injuries caused thereby.

63.     As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff GEORGE LISHMAN was injured as described herein.

**SEVENTH CAUSE OF ACTION**
**MISREPRESENTATION**

64.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

65.     The Defendants directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

    a)      Had no adequate basis for such representations;

    b)      Knew that a significant health hazard to human life existed from asbestos.

66.     Defendants had reason to expect that as a result of such representation, Plaintiff GEORGE LISHMAN and others similarly situated would be exposed to asbestos.

67.     As a result of this wrongful representation, Plaintiff GEORGE LISHMAN was exposed to asbestos and suffered the injuries referred to herein.

18

## EIGHTH CAUSE OF ACTION
## LOSS OF CONSORTIUM

68.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

69.     At all relevant times, and particularly prior to his diagnosis of mesothelioma, Plaintiff VICKI LISHMAN has been and remains the wife of Plaintiff GEORGE LISHMAN. They married on December 31, 1974.

70.     As a direct and proximate result of the injuries and damages complained of herein with respect to Plaintiff GEORGE LISHMAN, and as a direct and proximate result of the acts and omissions of the Defendants as set forth in Counts I-V and the injury suffered by her husband GEORGE LISHMAN. Plaintiff VICKI LISHMAN has also suffered and will continue to suffer interference with and impairment of their marital relationship and all those elements of married life Plaintiff VICKI LISHMAN was accustomed to receiving including, but not limited to, support, devotion, care, society and consortium. Therefore, Plaintiff VICKI LISHMAN is entitled to damages for her loss of consortium, both past and future.

## NINTH CAUSE OF ACTION
## CONSPIRACY

71.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

72.     During the course of his employment, Plaintiff GEORGE LISHMAN was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products and/or equipment he was working with and around which were manufactured, sold or distributed by the Defendants named above.

73.     The Defendants knowingly agreed, contrived, combined, confederated and

19

conspired among themselves and with other entities, including Johns-Manville Corporation, Union Asbestos & Rubber Company, Pittsburgh-Corning Corporation and United States Gypsum, to cause Plaintiff's injury, disease and illness by exposing Plaintiff to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.   Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose himself to said dangers. In this connection, Plaintiff has sued METROPOLITAN LIFE INSURANCE COMPANY in their capacities as co-conspirators in a case in Illinois.   Defendants committed the above-described wrongs, some of which wrongful conduct occurred at the locations above, by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

74.   Defendants individually, and as members of a conspiracy, and as agents of other co-conspirators were in a position of superior knowledge regarding the health hazards of asbestos and therefore the Plaintiff and others deciding to use said asbestos-containing products to which Plaintiff was exposed had a right to rely and did rely on the published reports commissioned by the Defendants regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

75.   As a direct and proximate result of Defendants' intentional publication of deceptive and misleading medical data and information, as described in the preceding paragraphs, upon

which data the Plaintiff reasonably relied, the Defendants caused asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to be used by Plaintiff and Plaintiff inhaled or otherwise ingested hazardous asbestos dust, and/or will inhale or ingest hazardous asbestos dust, resulting in injuries.

76.     Additionally, and alternatively, as a direct and proximate result of Defendants' actions and omissions as described above, the Plaintiff was caused to remain ignorant concerning the danger of human exposure to asbestos, resulting in damage to the Plaintiff by depriving the Plaintiff and workers such as Plaintiff, of opportunities to be aware of the hazards of asbestos exposure, and thus the opportunity to take proper safety precautions and/or avoid exposure to asbestos dust.  Because of this ignorance on the part of the Plaintiff, Defendants' failure to warn, Defendants' concealment from the Plaintiff of the alteration of their published test results, and the actions and omissions and concerted design and conspiracy of Defendants, the Plaintiff was exposed to asbestos and asbestos-containing products and/or machinery containing or calling for the use of asbestos and/or asbestos-containing products used at his places of employment and has inhaled or otherwise ingested hazardous asbestos dust resulting in his developing mesothelioma.

77.     As a result of this wrongful representation, Plaintiff GEORGE LISHMAN was exposed to asbestos and suffered the injuries referred to herein.

**WHEREFORE**, the conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related lung disease of Plaintiff GEORGE LISHMAN, and of the following general and special damages including:

(a)     Damages to punish Defendants for proximately causing Plaintiff GEORGE LISHMAN's untimely injuries and illness;

(b)     Physical pain and mental anguish sustained by Plaintiff GEORGE

21

LISHMAN in the past;

(c)    Physical pain and mental anguish that Plaintiff GEORGE LISHMAN, in reasonable probability, will sustain in the future;

(d)    The past disfigurement suffered by Plaintiff GEORGE LISHMAN;

(e)    The future disfigurement that Plaintiff GEORGE LISHMAN, in reasonable probability, will sustain in the future;

(f)    The physical impairment sustained by Plaintiff GEORGE LISHMAN in the past;

(g)    The physical impairment that Plaintiff GEORGE LISHMAN, in reasonable probability, will sustain in the future;

(h)    The medical expenses incurred by Plaintiff GEORGE LISHMAN in the past;

(i)    The medical expenses that Plaintiff GEORGE LISHMAN, in reasonable probability, will sustain in the future;

(j)    Plaintiff GEORGE LISHMAN's lost earning capacity sustained in the past;

(k)    Plaintiff GEORGE LISHMAN's lost earning capacity that, in reasonable probability, he will sustain in the future;

(l)    Loss of household services that, in reasonable probability, Plaintiff VICKI LISHMAN will sustain in the future;

(m)    The loss of consortium sustained by Plaintiff VICKI LISHMAN in the past;

(n)    The loss of consortium that, in reasonable probability, Plaintiff VICKI LISHMAN will sustain in the future;

(o)    Any other relief, both special and general, to which Plaintiffs may be justly

entitled including, but not limited to, prejudgment and post-judgment interest and costs.

## **COMPENSATORY AND PUNITIVE DAMAGES**

78.   Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

79.   As a result of the above-alleged conduct of the Defendants, Plaintiff GEORGE LISHMAN developed mesothelioma, as a consequence of which he has been damaged as follows:

(a)   hospital and medical expenses incidental to Plaintiff GEORGE LISHMAN's illness;

(b)   loss of earnings and future earning power of Plaintiff GEORGE LISHMAN;

(e)   loss of Plaintiff GEORGE LISHMAN's general health, strength, and vitality;

(c)   loss of pecuniary contributions to the heirs of Plaintiff GEORGE LISHMAN;

(d)   loss of consortium, society, aid, companionship and services to the heirs of Plaintiff GEORGE LISHMAN;

(e)   future loss of consortium, society, aid, companionship and services to the heirs of Plaintiff GEORGE LISHMAN;

(f)   pain and suffering of Plaintiff GEORGE LISHMAN;

(g)   all other damages recoverable under said Act.

WHEREFORE, the Plaintiffs verily believe they are entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of

warranty, false representation, failure to warn, conspiracy and other breaches of duty and willful, wanton, and malicious conduct as alleged herein proximately caused by the fault of the Defendants.  Plaintiffs pray for judgment against all Defendants for actual and punitive damages, lost wages and special damages in an amount to be determined by the trier of fact, in excess of $75,000.00 plus interest as provided by law and the costs of this action.

### PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Respectfully submitted this the 4th day of August, 2022.

By:      */s/ Lawrence K. Holcomb*
         FLINT COOPER, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on August 4th, 2022, I electronically filed the foregoing document with the clerk of the court for Eastern District of Pennsylvania, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

*/s/ Lawrence K. Holcomb*
FLINT COOPER, LLC